**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| JPMORGAN CHASE BANK, N.A., | |
| Plaintiff, | |
| v. | Civil Action No. _____ |
| BENJAMIN RIEVES, | |
| Defendant. | |

## COMPLAINT

Plaintiff JPMorgan Chase Bank, N.A. ("***Chase***"), by and through its undersigned counsel, hereby files its *Complaint* against Defendant Benjamin Rieves ("***Defendant***" or "***Mr. Rieves***") and respectfully states as follows:

## I.   INTRODUCTION

1.       Fraud is a crime that impacts everyone and undermines trust in the banking system. Chase takes its responsibility to combat fraud seriously and prioritizes protecting the firm and its customers to make the banking system safer. Part of that responsibility is to hold people accountable when they commit fraud against Chase and its customers. Simply put, engaging in bank fraud is a crime.

2.       Defendant Benjamin Rieves abused his Chase account to flagrantly violate the law. His actions were bank fraud in its simplest form. Video surveillance

footage shows Mr. Rieves depositing a check for $80,365.28 at an ATM in Atlanta, Georgia on August 29, 2024. Mr. Rieves knew the check was fraudulent. Not even 24-hours later, Mr. Rieves began stealing these ill-gotten funds as soon as possible through withdrawals at different branches across Atlanta, purchasing gift cards, and making payments to third parties. The checks were eventually returned as counterfeit, resulting in a substantial negative balance. As of the date of filing, Defendant owes Chase $80,364.73. Mr. Rieves has made no effort to return the funds or contact Chase, despite Chase's several demands. In addition to amounting to fraud, Mr. Rieves' brazen actions are a clear violation of his contract with Chase and of state law.

3.     Chase prides itself on its efforts to protect its customers against fraudsters, particularly in an environment where bank and wire fraud are increasingly more commonplace. While fraud methods have evolved over time, the core intent to exploit and deceive remains unchanged. Accordingly, Chase brings this action to recover those ill-gotten funds and to hold Mr. Rieves accountable for his knowing and intentional fraud and breach of contract.

## II.   PARTIES

4.     Chase is a national banking association organized under the laws of the United States. Chase is a citizen of Ohio with its main office located at 1111 Polaris Parkway, Columbus, Ohio 43240, as designated in the Articles of Association of

Chase.

5.      Defendant is an individual residing in the State of Georgia. Defendant may be served with process at his residence, 898 Society Circle SW, Atlanta, Georgia 30331, or wherever he may be found.

## III.   JURISDICTION AND VENUE

6.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1). The parties are citizens of different States, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

7.      This Court has personal jurisdiction over Defendant because he resides in and is a citizen of the State of Georgia.

8.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) because Defendant resides in this district. Venue is also proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because this is a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## IV.   STATEMENT OF FACTS

9.      Mr. Rieves opened a checking account with Chase (the "*Account*"). When opening his Account, he agreed to abide by all terms and conditions in Chase's Deposit Account Agreement and Privacy Notice (the "*DAA*"),[1] which governs his

---

[1] A true and correct copy of the DAA in effect during the relevant events is attached hereto as **Exhibit A**.

relationship with Chase. Among other things, Mr. Rieves agreed to be responsible for any amounts owed on the Account and to "immediately pay the amount of any overdraft along with any fees that apply," including interest, as well as fees incurred for Chase's efforts to collect any overdraft. Mr. Rieves also agreed "not to use [his] account for any other illegal activity."

10.     On August 29, 2024 at 5:36 p.m., at a drive-through ATM in Atlanta, Georgia, Mr. Rieves deposited a fraudulent check (the "**_Check_**") into his Account in the amount of $80,365.28 (the "**_Funds_**").

11.     The Check is facially and substantively fraudulent, including the amount, the purported authority to issue such check, and even its existence.

12.     By depositing the Check, Mr. Rieves falsely represented to Chase that the Check was duly issued by an authorized individual and that Mr. Rieves was entitled to the Funds. Mr. Rieves knew that the Check was fraudulent and that he had no entitlement or valid claim to the Funds, but he nonetheless deposited the Check.

13.     But the wrongdoing did not stop with merely depositing a fraudulent check. After his deposit, Mr. Rieves made several significant withdrawals and transfers to carry out his scheme of stealing money. Specifically, the next day, on August 30, 2024 at 10:54 a.m., Mr. Rieves withdrew $30,000.00 in-person at a Chase branch in the Atlanta area. He made two withdrawals of $3,000.00 and $1,000.00 at yet another

Atlanta branch, seven minutes apart. He purchased at least five $1,000.00 gift cards. And he made several other withdrawals and payments to third parties.

14.     On September 4, 2024, the Check was rejected by the alleged issuing bank and returned as counterfeit. In other words, the issuing bank's rejection confirmed that Mr. Rieves stole from Chase all the funds he fraudulently deposited and withdrew.

15.     The Check's return resulted in a substantial negative balance.  As of the date of filing, Defendant owes Chase $80,364.73.

16.     Chase's Global Security representatives attempted to contact Mr. Rieves regarding the counterfeit Check and his overdraft, but he failed to respond. Chase also sent a letter demanding return of the Funds. Mr. Rieves has not responded to any of Chase's correspondence, has not communicated with Chase in any other manner, and has not returned the Funds.

17.     In this action, Chase seeks a judgment ordering the immediate return of the Funds that Mr. Rieves misappropriated, payment of related fees, and other relief for the harm Chase sustained, including punitive damages for Mr. Rieves' willful misconduct, malice, and conscious indifference for Chase's rights.

## V.   CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### (Breach of Contract)

18.     Chase re-alleges and incorporates by reference each of the preceding paragraphs as if fully set forth herein.

19.     Chase and Mr. Rieves entered into the DAA, which is a valid and enforceable contract.

20.     Chase performed its obligations under the DAA.

21.     Mr. Rieves materially breached the terms of the DAA by depositing the fraudulent Check; by withdrawing, transferring, and using the Funds; and by failing to pay the amount of the overdraft and associated fees on the Account.

22.     Mr. Rieves' breaches of the DAA proximately and directly caused damages to Chase.

23.     All conditions precedent to Chase's recovery on the claims asserted herein were performed or have occurred.

### SECOND CAUSE OF ACTION
### (Common Law Fraud)

24.     Chase re-alleges and incorporates by reference each of the preceding paragraphs as if fully set forth herein.

25.     Mr. Rieves made false representations to Chase by depositing the

fraudulent Check into the Account and by withdrawing, transferring, and using the Funds. Specifically, Mr. Rieves falsely represented that the purported issuer executed the Check in his favor and that the Check was valid and authorized, including by submitting the Check with the issuer's alleged signature. By withdrawing, wiring, and using the Funds, Mr. Rieves falsely represented that the Funds were validly in his Account, that he had authority to withdraw, wire, and use the Funds, and that he had sufficient funds to cover the transactions.

26.     Mr. Rieves made the misrepresentations with knowledge of their falsity. At minimum, Mr. Rieves made the misrepresentations recklessly without any knowledge of the truth and as a positive assertion. Indeed, Mr. Rieves' silence to-date indicates his knowledge of wrongdoing.

27.     Mr. Rieves' misrepresentations were material because, without them, Chase would not have (i) allowed him to deposit the Check, (i) dispersed the Funds to him, or (iii) allowed him to further withdraw, wire, and use the Funds.

28.     Mr. Rieves made the misrepresentations to Chase with the intent that Chase rely and act on them.

29.     Chase justifiably relied on Mr. Rieves' misrepresentations and thereby suffered injury.

30.     Mr. Rieves' actions of depositing the Check and retaining the Funds

were accomplished with willful misconduct, malice, and conscious indifference for

Chase's rights, supporting a demand for punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Chase respectfully requests that this Court:

A.      Issue an order directing Defendant Benjamin Rieves to immediately return the misappropriated Funds to Chase, with interest, and to pay the related overdraft fees;

B.      Award Chase its reasonable costs and expenses incurred in this action, including attorneys' fees;

C.      Award Chase punitive damages against Defendant for his intentional misconduct;

D.      Award Chase pre-judgment interest on all such damages, monetary or otherwise; and

E.      Grant Chase such other and further relief as the Court may deem just and proper.

Dated: October 28, 2024

Respectfully submitted,

*/s/ Eva M. Spahn*
Eva M. Spahn
Bar No. 995675
**GREENBERG TRAURIG, LLP**
Terminus 200
3333 Piedmont Road NE
Suite 2500
Atlanta, Georgia 30305
(678) 553-2100 *telephone*

(678) 553-2212 *facsimile*

***Attorney for Plaintiff JPMorgan Chase Bank, N.A.***