# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **JPMORGAN CHASE BANK, N.A.,**<br><br>*Plaintiff*,<br><br>v.<br><br>**BENJAMIN RIEVES,**<br><br>*Defendant.* | **CIVIL ACTION NO.: 1:24-cv-04913** |

## PLAINTIFF'S BRIEF IN SUPPORT OF MOTION
## FOR ENTRY OF DEFAULT JUDGMENT

Plaintiff JPMorgan Chase Bank, N.A. ("**Chase**"), by and through its undersigned counsel, hereby seeks a default judgment against Defendant Benjamin Rieves ("**Defendant**") and respectfully states as follows:

## STATEMENT OF FACTS

Defendant opened a checking account with Chase (the "**Account**") in Georgia. ECF No. 1, ¶ 9. When opening his Account, Defendant agreed to abide by all terms and conditions in Chase's Deposit Account Agreement and Privacy Notice (the "**DAA**"),[1] which governs his relationship with Chase. *Id.*

On August 29, 2024 at 5:36 p.m., at a drive-through ATM in Atlanta, Georgia, Defendant deposited a fraudulent check (the "**Check**") into his Account in the amount of $80,365.28 (the "**Funds**"). *Id.* at ¶ 10. The Check is facially and substantively fraudulent, including the amount, the purported authority to issue such check, and even its existence. *Id.* at ¶ 11. By depositing the Check, Defendant falsely represented to Chase that the Check was duly issued by an authorized individual and that Defendant was entitled to the Funds. *Id.* at 12. Defendant knew that the Check was fraudulent and that he had no entitlement or valid claim to the Funds, but he nonetheless deposited the Check. *Id.*

After his deposit, Defendant made several significant withdrawals and

---

[1] A true and correct copy of the DAA in effect during the relevant events is attached to the Complaint as **Exhibit A**.

transfers to carry out his scheme of stealing money. *Id.* at 13. On September 4, 2024, the Check was rejected by the alleged issuing bank and returned as counterfeit. *Id.* at 14. The Check's return resulted in a substantial negative balance on the Account, and, at the time of the filing of Chase's Complaint, Defendant owed Chase $80,364.73. *Id.* at 15. The balance due and owing on the Account is currently $76,864.73. *See* Exhibits A, A-1.

Chase's Global Security representatives attempted to contact Defendant regarding the counterfeit Check and his overdraft, but he has failed to respond. ECF No. 1, ¶ 16. Chase also sent a letter demanding return of the Funds. *Id.* Defendant has not responded to any of Chase's correspondence, has not communicated with Chase in any other manner, and has failed to return the Funds. *Id.*

## PROCEDURAL POSTURE

On October 28, 2024, Chase filed the Complaint seeking judgment against Defendant for breach of the DAA and common law fraud. ECF No. 1. A summons was issued as to Defendant on November 5, 2024. ECF No. 4. Defendant was personally served with the summons and Complaint on November 13, 2024, and the proof of service was filed with the Court. ECF No. 5. Accordingly, Defendant's deadline to file a response to the Complaint was December 4, 2024. *See* FED. R. CIV. P. 12. Defendant failed to file a response to the Complaint, prompting Chase to file

a *Motion for Clerk to Enter Default* against Defendant. ECF No. 6. The Clerk entered the requested default on December 11, 2024.

## STANDARD OF REVIEW

A "defendant, by his default, admits the plaintiff's well-pleaded allegations of fact," as set forth in the operative complaint. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009). When considering a motion for default judgment, a court must investigate the legal sufficiency of the allegations and ensure that the complaint states a plausible claim for relief. *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005); *Bruce v. Wal-Mart Stores, Inc.*, 699 F. Supp. 905, 906 (N.D. Ga. 1988). If "the plaintiff has alleged sufficient facts to state a plausible claim for relief," a default judgment is warranted. *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015).

## ARGUMENT & AUTHORITIES

**I. THIS COURT HAS JURISDICTION OVER THE CLAIMS AND OVER DEFENDANT**

*(i) Subject Matter Jurisdiction*

This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), as the parties are citizens of different States and the amount in controversy threshold is met. Chase is a national banking association organized under the laws of the United States and a citizen of Ohio—with its main office located at 1111 Polaris Parkway, Columbus, Ohio 43240. ECF No. 1, ¶ 4. Defendant

is an individual residing in the State of Georgia and maintains his residence at 898 Society Circle SW, Atlanta, Georgia 30331. *Id.* at ¶ 5. Defendant is not a minor or incompetent person, nor is he in military service of the United States or any of its allies. *See* Exhibits C, C-1. Additionally, the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Chase pled that, as of the date of filing the Complaint, Defendant owed Chase at least $80,364.73. ECF No. 1, ¶ 15.

### *(ii) Personal Jurisdiction & Venue*

This Court has personal jurisdiction over Defendant because he resides in and is a citizen of the State of Georgia. ECF No. 1, ¶ 7. Venue is proper pursuant to 28 U.S.C. § 1391, not only because Defendant resides in this District, but also because a substantial part of the events or omissions giving rise to the claims occurred in this District. *Id.* ¶ 8.

### II. A DEFAULT JUDGMENT IS APPROPRIATE

#### A. Breach of Contract Claim

Chase asserted a breach of contract claim against Defendant for breaching the terms of the parties' DAA. ECF No. 1, ¶¶ 18–23. "In order to have a viable breach of contract claim, there must be a breach of the contract at issue and resulting damages to a party who has the right to complain about the contract being violated." *Archer W. Contractors, Ltd. v. Estate of Pitts*, 292 Ga. 219, 232 (Ga. 2012) (citing *Canton Plaza v. Regions Bank*, 315 Ga.App. 303(1), 732 S.E.2d 449 (2012)).

In the DAA, Defendant agreed to be responsible for any amounts owed on the Account and to "immediately pay the amount of any overdraft along with any fees that apply," including interest, as well as fees incurred for Chase's efforts to collect any overdraft. *See* DAA § III(C). Defendant also agreed "not to use [his] account for any [] illegal activity." *Id.* § IX(F). Defendant breached the DAA by using his Account for illegal activity—*i.e.*, by depositing the fraudulent Check and subsequently withdrawing, transferring, and using the Funds—and by failing to pay the amount of the substantial overdraft on the Account after the Check was returned as counterfeit. ECF No. 1, ¶ 9. Defendant's breaches of the DAA proximately and directly caused damages to Chase. *Id.* at ¶ 22. As of the date of filing, the balance due and owing on Defendant's Account is $76,864.73 and Chase has incurred $15,071.50 in attorneys' fees and costs in its efforts to collect the overdraft. *See* Exs. A, A-1, B, B-1. Defendant owes such amounts to Chase pursuant to the terms of the DAA. *See* DAA § III(C).

Because Chase established all elements of its breach of contract claim and Defendant failed to respond to the Complaint, the Court should grant Chase a default judgment on its breach of contract claim.

    **B.**    **Common Law Fraud Claim**

Chase also asserted a common law fraud claim against Defendant. ECF No. 1, ¶¶ 24–30. "To prevail on a fraud claim [] the plaintiff must establish five elements:

-5-

(1) a false representation by a defendant, (2) scienter, (3) intention to induce the plaintiff to act or refrain from acting, (4) justifiable reliance by plaintiff, and (5) damage to plaintiff." *Overlook Gardens Properties, LLC v. Orix, USA, LP*, 884 S.E.2d 433, 443, 366 Ga.App. 820, 828 (Ga. App. 2023) (quoting *EduCap, Inc. v. Haggard*, 341 Ga. App. 684, 686, 801 S.E.2d 611 (2017)).

### *(1) False Representations*

Defendant made false representations to Chase by depositing the fraudulent Check into the Account and by withdrawing, transferring, and using the Funds. ECF No. 1, ¶ 25. The Check is facially and substantively fraudulent, including the amount, the purported authority to issue such check, and even its existence. *Id*. at ¶ 11. Specifically, by depositing the Check, Defendant falsely represented that the purported issuer executed the Check in his favor and that the Check was valid and authorized, including by submitting the Check with the issuer's alleged signature. *Id.* at ¶ 25.

Thus, by depositing the Check, Defendant falsely represented to Chase that the Check was duly issued by an authorized individual and that Defendant was entitled to the Funds. *Id.* at ¶ 12. And by withdrawing, wiring, and using the Funds, Defendant falsely represented that the Funds were validly in his Account, that he had authority to withdraw, wire, and use the Funds, and that he had sufficient funds to cover the transactions. *Id.* at ¶ 25. Defendant's misrepresentations were material

because, without them, Chase would not have (i) allowed him to deposit the Check, (i) dispersed the Funds to him, or (iii) allowed him to further withdraw, wire, and use the Funds. *Id.* at ¶ 27.

*(2) Scienter*

Scienter is a "knowledge of the alleged falsehood." *Dasher v. Davis*, 274 Ga. App. 788, 789 (Ga. Ct. App. 2005). "Scienter for fraud purposes may be shown by a fraudulent or reckless representation 'even if the party making the representation does not know that such facts are false.'" *Avery v. Chrysler Motors*, 214 Ga. App. 602, 604 (Ga. Ct. App. 1994) (quoting O.C.G.A. § 51-6-2(b)). Here, Defendant made the misrepresentations set forth above with knowledge of their falsity. *Id*. at ¶ 26. At minimum, Defendant made the misrepresentations recklessly without any knowledge of the truth and as a positive assertion. *Id*.

After depositing the Check, Defendant made several significant withdrawals and transfers to carry out his scheme of stealing money. ECF No. 1, ¶ 13. The day after depositing the Check, Defendant withdrew $30,000.00 in-person at a Chase branch in the Atlanta area. *Id.* He made two withdrawals of $3,000.00 and $1,000.00 at yet another Atlanta branch, seven minutes apart. *Id.* He also purchased at least five $1,000.00 gift cards and made several other withdrawals and payments to third parties. *Id.* As illustrated by the preceding facts, Defendant withdrew a substantial amount of the Funds quickly after depositing the Check and traveled to multiple

Chase branches to do so. These circumstances give rise to the inference that Defendant knew he did not have a valid claim to the Funds.

Defendant further conceded by way of his default that he knew that the Check was fraudulent and that he had no entitlement or valid claim to the Funds, but he nonetheless deposited the Check and withdrew a substantial amount of the Funds. ECF No. 1, ¶ 12. Because Defendant had knowledge that his representations to Chase were false—or at the very least were fraudulent or reckless representations—the element of scienter is satisfied.

*(3) Intent to Induce Chase to Act or Refrain from Acting*

Here, Defendant made the misrepresentations to Chase with the intent that Chase rely and act on them and with knowledge of their falsity. ECF No. 1, ¶¶ 26, 28. Specifically, Defendant knowingly presented the fraudulent Check to Chase with the intent that Chase process the Check as genuine and deposit the Funds into Defendant's Account. *Id.* ¶¶ 12, 25, 28. Defendant knowingly passing the Check as genuine, despite the Check being a forged and counterfeit instrument, conclusively establishing his intent to defraud Chase.

*(4) Justifiable Reliance by Plaintiff*

To recover on a fraud claim, the plaintiff must show that its reliance on the defendant's misrepresentation was justifiable or reasonable. *Raysoni v. Payless Auto Deals*, 766 S.E.2d 24, 26 (Ga. 2014). Here, Chase pled that it justifiably relied

on Defendant's misrepresentations, and these allegations are now deemed admitted. *See* ECF No. 1, ¶ 29; *Eagle Hosp. Physicians, LLC*, 561 F.3d at 1307. Chase relied on the representations of Defendant, its customer, to be accurate and such reliance was justifiable. *See e.g., Jackson v. Nationwide Mut. Fire Ins. Co. of Am.*, No. 1:12-cv-2850-WSD, 2013 WL 6196531, at *3 (N.D. Ga. Nov. 27, 2013) (granting default judgment on fraud claim and finding that Nationwide reasonably relied on customer's falsified estimates in making insurance payments to him). Chase could reasonably expect Defendant to comply with the terms of the DAA in his dealings with Chase—including by refraining from using the Account for "illegal activity." *See* DAA § IX(F).

*(5) Damage to Plaintiff*

Defendant's fraudulent misrepresentations caused Chase to suffer injury. ECF No. 1, ¶ 29. As of the date of filing, the balance due and owing on Defendant's Account is $76,864.73 and Chase has incurred $15,071.50 in reasonable and necessary attorneys' fees and costs in its efforts to collect the overdraft. *See* Exs. A, A-1, B, B-1.

An entry of default judgment against Defendant is appropriate as to Chase's common law fraud claim.

## III.   DAMAGES

Chase seeks damages under Georgia law for Defendant's breach of the DAA and fraud. "Damages recoverable for a breach of contract are such as arise naturally and according to the usual course of things from such breach and such as the parties contemplated, when the contract was made, as the probable result of its breach." O.C.G.A. § 13-6-2; *see also Quigley v. Jones*, 255 Ga. 33 (Ga. 1985). "The measure of damages in the case of a breach of contract is the amount which will compensate the injured person for the loss which a fulfillment of the contract would have prevented or the breach of it entailed." *Austin v. Bank of Am., N.A.*, 293 Ga. 42, 49 (Ga. 2013) (quoting *Redman Dev. Corp. v. Piedmont Heating & Air Conditioning, Inc.*, 128 Ga. App. 447, 451(3), 197 S.E.2d 167 (1973)). "In other words, the person injured, is, so far as it is possible to do so by a monetary award, to be placed in the position he would have been in had the contract been performed." *Id.* With respect to Chase's fraud claim, Chase is similarly entitled to recover the damages naturally flowing from Defendant's fraud. *See McGowan v. Progressive Preferred Ins. Co.*, 281 Ga. 169, 171 (Ga. 2006) (citing O.C.G.A. § 51-6-1)); O.C.G.A. § 51-12-5.1; *Prudential Ins. Co. of Am. v. Bailey,* No. CV 616-060, 2017 WL 4340169, at *5 (S.D. Ga. Sep. 29, 2017) (citing *Tankersley v. Baker*, 651 S.E. 2d 435, 438 (Ga. Ct. App. 2007)). Chase pled for and could recover punitive damages for Defendant's

fraudulent conduct, but Chase has declined to pursue punitive damages against Defendant in the final judgment.

Chase requests that the Court enter a default judgment against Defendant awarding a total of $91,936.23 to Chase—comprised of the current overdraft amount on the Account and Chase's reasonable and necessary attorneys' fees and court costs. *See* DAA § III(C); O.C.G.A. § 13-6-11; *Kopp v. First Bank of Georgia*, 235 Ga. App. 520, 524 (Ga. Ct. App. 1998). The current overdraft amount on Defendant's Account is $76,864.73, Chase's attorneys' fees incurred to date total $14,641.50, and Chase's litigation costs incurred to date total $430.00. *See* Exhibits A, A-1, B, B-1.

## CONCLUSION

For the foregoing reasons, Chase respectfully requests that the Court grant its *Motion for Default Judgment* in its entirety, enter default judgment against Defendant Benjamin Rieves as requested, and grant Chase such other and further relief to which it may be justly entitled.

[*Signature Page Follows*]

Dated: February 20, 2025.

        Respectfully submitted,

        <u>*/s/ Eva M. Spahn*</u>
        Eva M. Spahn
        Bar No. 995675
        **GREENBERG TRAURIG, LLP**
        Terminus 200
        3333 Piedmont Road NE
        Suite 2500
        Atlanta, Georgia 30305
        (678) 553-2100 *telephone*
        (678) 553-2212 *facsimile*

        ***Attorney for Plaintiff***
        ***JPMorgan Chase Bank, N.A.***

## **LOCAL RULE 7.1(D) CERTIFICATION**

Counsel hereby certifies that the text of this document has been prepared with Times New Roman 14-point font, one of the font and point selections approved by the Court in Local Rule 5.1(C).

        <u>*/s/ Eva M. Spahn*</u>
        Eva M. Spahn
        Georgia Bar No. 995675

**CERTIFICATE OF SERVICE**

I hereby certify that this document has been filed electronically and is available for viewing and downloading from the CM/ECF system and that a copy of it was served via U.S. Certified Mail, Return Receipt Requested upon the following:

Benjamin D. Rieves
898 Society Circle SW
Atlanta, Georgia 30331

Benjamin D. Rieves
2520 Pleasant Hill Rd.
Duluth, Georgia 30096

　　　　　　　　　　　　　　　　　　　/s/ Eva M. Spahn
　　　　　　　　　　　　　　　　　　　Eva M. Spahn